13198

LITTLE *ET AL.* v. EDISTO HARDWOOD CO.

(159 S. E., 646)

*Messrs. J. Wesley Crum* and *W. C. Wolfe,* for appellant,

*Messrs. Brantley & Zeigler,* for respondent,

July 10, 1931.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The decree of his Honor, Circuit Judge Featherstone, in this cause is entirely satisfactory to this Court. It will be reported, and is affirmed.

MR. JUSTICE STABLER, and MR. ACTING ASSOCIATE JUSTICE GRAYDON concur.

MR. JUSTICE CARTER (for modifying): This action, as is indicated by the title, is a suit by H. H. Little *et al.,* in

behalf of themselves and all other alleged employees of the Edisto Hardwood Company, similarly situated, to compel the defendant to pay them certain alleged wages, in the aggregate sum of $3,999.85, based upon an alleged contract of employment by the defendant. It will be observed, by reference to the pleadings, that the suit is not a single cause of action in which many are alleged to have an interest, but it is a case in which there are as many causes of action as there are plaintiffs, and there are about one hundred and forty plaintiffs. It is the contention of so many of the plaintiffs as testified in the case that, while they were employed by their co-plaintiff H. H. Little, it was their understanding that Little was acting as the defendant's agent, and that the defendant would be responsible to them for the amount they were entitled to for their labor; whereas the defendant contended that these parties were employed by H. H. Little as an independent contractor, and that it was in no way responsible to them or under any obligation to pay them for their alleged labor. In accordance with the findings of the Master, to whom the case was referred, concurred in by the Circuit Judge, the plaintiffs, H. H. Little, G. C. Sanders, and Harry Henderson were not allowed to recover any amount against the defendant. In effect, the lower Court held, based on the testimony in the case, that, so far as H. H. Little was concerned, it was clear that he was an independent contractor and was not entitled to recover anything in this action; and, also, he was not on the pay roll of the employees of the logging department. The lower Court also held that the plaintiffs G. C. Sanders and Harry Henderson had notice that their coplaintiff H. H. Little, who employed them, was an independent contractor, and that therefore they should look to him for compensation for their services and not to the defendant. But the lower Court allowed judgment for each of the other plaintiffs for the full amount of their respective claims. The following named plaintiffs did not testify in the case, but were given judgment against the defendant as follows:

| | |
|---|---:|
| Bonds, Robert.................................$ | 12.00 |
| Bonds, Roy.................................. | 21.90 |
| Beckton, Henry ............................. | 18.50 |
| Jake Beckton............................... | 87.20 |
| Herbert Brown.............................. | 1.75 |
| Brown, E................................... | 4.50 |
| Bishop, C. S............................... | 14.10 |
| Brown, Ben. ............................... | 49.75 |
| Brown, Peter............................... | 25.85 |
| Chisom, Alex............................... | 23.25 |
| Chavis, Curtis.............................. | 19.50 |
| Cummings, York ............................ | 11.50 |
| Croon, J. N................................ | 17.55 |
| Clark, Williams ............................ | 1.50 |
| Clark, Jesse ............................... | 8.00 |
| Cozel, Joe ................................. | 8.75 |
| Dunbar, Isadore............................ | 18.15 |
| Davis, L. D................................ | 9.25 |
| Donald, Carroll............................. | 1.75 |
| Evans, Theodore............................ | 27.75 |
| Ford, Ed. ................................. | 50.00 |
| Fisher, W. ................................. | 63.65 |
| Funny, Henry............................... | 36.20 |
| George, J................................... | 16.10 |
| Grant, Lee Myer............................ | 21.10 |
| Hamilton, Jack............................. | 13.55 |
| Hilliard, Carlisle ........................... | .75 |
| Hammonds, E. E............................ | 121.20 |
| Hampton, Will.............................. | 10.50 |
| Harley, Theo ............................... | 33.00 |
| Harley, B. T............................... | 17.50 |
| Henderson, John............................ | 3.65 |
| Henderson, Harvey.......................... | |
| Hayes, Luther.............................. | 7.00 |
| Henderson, Will............................. | 7.55 |
| Isaac, Sam ................................. | 8.00 |

| | |
|---|---:|
| Jamison, Rollie ........................... $ | 49.00 |
| Jamison, Peter.............................. | 47.25 |
| Jordan, Cliff................................ | 10.20 |
| Johnston, Preston.......................... | 19.25 |
| Jones, Ellis................................. | 17.65 |
| Jones, Kum ................................ | |
| Johnson, Abraham.......................... | 8.00 |
| Kearse, Henry ............................. | 31.30 |
| Kuett, Loyd................................ | 26.60 |
| McKellery, Dan............................. | 5.00 |
| Mack, Paul................................. | 9.10 |
| Martin, Thos .............................. | 7.35 |
| Murray, Carl .............................. | 12.00 |
| Odom, E. T................................ | 87.00 |
| Osberry, J. C............................... | 12.00 |
| Pringle, Ezekial............................ | 52.00 |
| Reed, Ed................................... | 2.10 |
| Reed, J. R.................................. | 19.00 |
| Rumph, Thos .............................. | 6.40 |
| Summers, D. ............................... | 40.50 |
| Stroman, Odis ............................. | 20.65 |
| Shuler, Wash............................... | 37.25 |
| Stevens, Harry............................. | 8.25 |
| Stroman, Lynel ............................ | 3.86 |
| Slater, Ledger.............................. | 12.45 |
| Stroman, Wesley ........................... | 18.50 |
| Smoak, Jeff................................. | 7.00 |
| Samles, Geo................................ | 7.40 |
| Stroman, Lane.............................. | 3.55 |
| Termant, Ubee.............................. | 14.00 |
| Turner, Charles ............................ | 3.50 |
| Tarrant, Timothy ........................... | 2.50 |
| Tarrant, Joe................................ | 6.00 |
| Williams, Sam ............................. | 9.80 |
| Way, Jimmy................................ | .10 |
| | $1,408.76 |

As stated the above-named plaintiffs did not testify in the case, and, so far as the record before this Court discloses, there is no testimony that these plaintiffs did not know that Little was an independent contractor, and that they were working for Little and not for the defendant. According to my view, in order for these plaintiffs to recover against the defendant, it was necessary to show that they were working for the defendant. As I view the record, all of the other plaintiffs who were given judgment against the defendant offered testimony to show that they were working for the defendant and had no notice that Little, who employed them, was an independent contractor. The Court, having found against Little, in effect, it appears, held that he was an independent contractor, but because of the conduct of the defendant in misleading the plaintiffs and thereby causing them to believe that they were working for the defendant, and that the defendant would pay them for their services, allowed judgment against it. But the plaintiffs, whose names we have given above, and for whom judgment was given, do not come within that class. They did not testify in the case and offered no testimony tending to show that they were working for the defendant, or were, in any way, misled by the defendant's conduct. In fact, so far as I have been able to ascertain from the transcript, these plaintiffs, above named, took no part in the case and manifested no interest therein. As stated, the suit is not a single cause of action in which many parties have an interest, but it consists of as many causes of action as there are plaintiffs. It is true, no question was raised along this line in the lower Court, but the failure to raise such question did not affect the rules as to the requirement of proof necessary to give judgment against the defendant. As I see it, there was no evidence upon which to base judgment in favor of the plaintiffs which I have named above. While there was testimony tending to show that these plaintiffs, which we have named, labored at the instance of their coplaintiff, Little, and that

they did not receive pay for their labor, we fail to find any proof that they acted at the instance of the defendant, or that they were, in any way, misled by the conduct of the defendant, and, further, we find no proof that they did not know that Little was an independent contractor. The proof which enabled the other parties in the case to recover judgment against the defendant is lacking as to these plaintiffs.

I am therefore of the opinion that the judgment should be reversed as to the plaintiffs which I have named above, and I stand for modification of the judgment of the lower Court in accordance with the views herein expressed.

MR. JUSTICE COTHRAN concurs.